HOLMAN LAW OFFICE
Kristina S. Holman, SBN No. 3742
8275 S. Eastern Ave., Suite 215
Las Vegas, NV 89123
Tel: (702) 614-4777
Fax: (702) 990-8681
Email: kholman@kristinaholman.com
*Attorney for Plaintiff, Isaac L. Jackson*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ISAAC L. JACKSON,

    Plaintiff,

vs.

GOLDEN ENTERTAINMENT (NV), INC. d/b/a STRATOSPHERE TOP OF THE WORLD RESTAURANT; DOES I through X, inclusive; and ROE CORPORATIONS 1 through X, inclusive.

    Defendants.

CASE NO.:

**COMPLAINT**
**(Jury Demanded)**

COMES NOW PLAINTIFF, ISAAC L. JACKSON (hereinafter "Plaintiff" or "Mr. Jackson"), by and through his attorney, Kristina S. Holman, and complains against Defendant GOLDEN ENTERTAINMENT (NV), INC, d/b/a Stratosphere, Top of the World Restaurant (hereinafter Golden Entertainment), and alleges causes of action as follows:

**JURISDICTION AND VENUE**

1. This is a civil action for damages under federal statutes prohibiting race discrimination, and to secure the protection of and to redress deprivation of rights under these laws.

2. Plaintiff's statutory claims arise under the Federal anti-discrimination statute, Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq*, as amended (hereinafter

referred to as "Title VII"). The Plaintiff, an African American, asserts he was treated differently because of his race, and retaliation after he reported the management's conduct.

3. Injunctive and declaratory relief, damages and other appropriate legal and equitable remedies are sought pursuant to 42 U.S.C. 2000e *et seq.*, as amended.

4. All conditions precedent to jurisdiction under Title VII have occurred or been complied with as herein described:

(a) Plaintiff initially submitted/filed a formal "Charge of Discrimination" (EEOC Charge No. 487-2024-00787) (attached as Exhibit 1), digitally signing such Charge on 1/20/2024, which is within 300 days of the commission of the unlawful employment practices alleged in this Complaint.

(b) Plaintiff received the "Determination and Notice of Rights (right-to-sue notice) (attached as Exhibit 2). Therefore, Plaintiff has filed his Complaint in a timely manner. Although the right-to-sue notice is dated ("issued") 4/2/2025, Mr. Jackson did not receive it that day. He contacted the EEOC and it had been initially mailed to the wrong address, forwarded, and was eventually received ty Plaintiff, after further contact with the EEOC notifying him of it being mailed.

5. Venue is proper in the Federal District Court of Nevada pursuant to 28 U.S.C. §1391(b) because the unlawful employment practices were committed in and arose in the District of Nevada.

## THE PARTIES

6. Plaintiff, ISAAC L. JACKSON, during the relevant time period, was a resident of Clark County, State of Nevada. At all relevant times, Plaintiff was employed by GOLDEN ENTERTAINMENT from on or about 2009 and remains currently employed.

7. Defendant GOLDEN ENTERTAINMENT is located in Las Vegas, Nevada.

8. As Plaintiff's employer during the relevant time period, Defendant Golden Entertainment is required to comply with all state and federal statutes which prohibit race discrimination and harassment and retaliation.

9. Doe Defendants I-X, inclusive, are persons whose true identities are unknown to Plaintiff at this time. Individual Doe Defendants are persons acting on behalf of or at the direction of any corporate or business Defendants or who may be officers, employees, or agents of Defendant and/or Roe Corporation and acted to deprive Plaintiff of her rights. The Roe Corporations may be parent companies, subsidiary companies, owners, predecessor or successor entities, or business advisers, de facto partners, or joint ventures of Defendant. Plaintiff alleges that individual Does I-X and Roe Corporation Defendants I-X may have authorized, committed, directed, and/or assisted in the commission or ratified the commission of the unlawful discriminatory and/or tortious acts directed toward Plaintiff and thus, may be responsible in whole or in part, for her damages. Plaintiff will seek leave to amend this Complaint as soon as the true identities of Doe/Roe Defendants are revealed.

## FACTS

10. Defendant Golden Entertainment initially hired Mr. Jackson in 2009 as a busser. He was promoted to a food server position in 2010. He continues his employment through the present as a food server at Top of the World Restaurant.

11. Beginning in 2015, Mr. Jackson began to apply for a promotion as a food server at the Top of the World Restaurant. He applied 7 to 10 times and was continually denied this promotion. Instead, less qualified non-African American employees were promoted. Finally in 2018, Mr. Jackson was promoted to the food server position at Top of the World Restaurant.

12. In April 2023, Mr. Jackson was subjected to discriminatory treatment when the restaurant manager gave a party to another server when Mr. Jackson had personally reserved that party and for which should have been assigned to him (Mr. Jackson).

13. Another incident occurred in June 2023 when Mr. Jackson was not afforded a chance to shift bid. He was the only African American male scheduled on the least desirable shift and the least desirable location resulting in the loss of opportunity to earn more monies/compensation.

14. In November 2023, Mr. Jackson complained to the General Manager about the harassment. No action was taken to investigate these incidents or to correct them.

15. In December 2023, the harassment continued when his manager further humiliated Mr. Jackson by yelling at Mr. Jackson during his shift, asking repetitive questions. Mr. Jackson asked the manager to stop. It did not stop.

16. On December 31, 2023, Mr. Jackson's manager continued to engage in yelling behavior, following Mr. Jackson, and repeatedly asking Mr. Jackson questions.

17. Mr. Jackson, at the time he signed the Charge of Discrimination, stated that his manager continues to harass him.

## FIRST CAUSE OF ACTION
*Race Discrimination under Title VII*

18. Plaintiff Isaac Jackson repleads and realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 17.

19. Defendant Golden Entertainment, as an employer, knew or should have known of its long-standing obligation, pursuant to state and federal statutes, to maintain a workplace free of race discrimination and harassment.

20. Defendants failed to take reasonably adequate steps to prevent race discrimination in its workplace.

21. Defendants failed to institute effective institutional policies to remedy complaints about conduct which might constitute race discrimination.

22. Mr. Jackson was subjected to discrimination and harassment, beginning initially with the long delay in obtaining the promotion to Top of the World Restaurant, and then poor treatment when denied the opportunity to serve a table for which he had personally reserved and then later, being subjected to humiliating and disrespectful conduct by his manager.

23. Therefore, Plaintiff charges that Defendant Golden Entertainment has discriminated against him based on his race, African American, and that Defendant allowed, authorized and ratified these actions.

24. Plaintiff has also suffered serious mental distress as a result of this unlawful discrimination.

25. Plaintiff is entitled to be fully compensated for all damages he has sustained.

26. It has been necessary for Plaintiff to retain the services of an attorney, and he should be compensated for his reasonable legal fees and costs.

## SECOND CAUSE OF ACTION
*Retaliation under Federal Anti-discrimination Statutes*

27. Plaintiff repleads and realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 26.

28. Defendant Golden Entertainment knew or should have known of its obligation to refrain from and prevent retaliatory acts against Plaintiff and Defendant failed to do so.

29. Defendant subjected Plaintiff to adverse terms and conditions of employment after he reported incidents of harassment and discrimination based on race.

30. Defendant further retaliated against Plaintiff by failing to take corrective action after he continued reports of harassment and discrimination.

31. As a direct and proximate result of Defendant's discrimination, Plaintiff has been deprived of economic benefits, including, but not limited to, lost wages, loss of fringe benefits, and loss of job opportunities.

32. Defendant's retaliatory actions against Plaintiff have caused, continue to cause, and will cause him to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment of life, inconvenience, and other nonpecuniary losses.

33. It has been necessary for Plaintiff to retain the services of an attorney. He is entitled to his reasonable attorneys' fees and costs in this action.

34. Defendant's actions against Plaintiff have caused, continue to cause, and will cause him to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment of life, inconvenience, and other nonpecuniary losses.

35. As a result of Defendant's conduct, Plaintiff suffered damages, including earning capacity, in an amount to be proven at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Isaac L. Jackson, respectfully prays as follows:

1. A trial by jury on all issues;

2. All employment-related losses subject to proof;

3. All compensatory, special and general damages allowed by law;

4. Punitive damages in an amount found by the jury to be sufficient to punish and/or deter Defendants and all other from engaging in any such conduct in the future as an example to other employers not to engage in such conduct;

5. Attorneys' fees and costs of suit;

6. Prejudgment interest;

7. Injunctive relief as appropriate; and

8. Such other and further relief as the Court shall deem just and proper.

Dated this 31st day of July 2025.

By: /s/ *Kristina S. Holman*
Kristina S. Holman
Holman Law Office
*Attorney for Plaintiff, Isaac L. Jackson*

# EXHIBIT 1

# EXHIBIT 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC  FEPA | 487-2024-00787 |

Nevada Equal Rights Commission _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.) | Home Phone | Year of Birth |
|---|---|---|
| Mr. Isaac L. Jackson | (702) 306-5242 | 1982 |

Street Address
1765 Little Crow Ave.
LAS VEGAS, NV 89123

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Golden Entertainment dba Strat- Top of the World Restaurant | 501+ Employees | |

Street Address
2000 S Las Vegas Blvd.
LAS VEGAS, NV 89104

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address ____ City, State and ZIP Code

DISCRIMINATION BASED ON

Race, Sex

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04/30/2023   Latest: 01/19/2024

Continuing Action

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or around December 17th, 2009, I was hired at Top of The World as a Food Server. My current title is the same. In or around 2015 I began to apply for a promotion to work at Top of the World. I applied approximately 7-10 times, would be interview and not selected over non-African Americans who were less qualifies until 2018. On or around April 30th, 2023, I began to experience harassment from manager Robert LNU to include, but not limited to, having a party I reserved given to another server. In or around June 2023 I was subjected to different terms and conditions than that of similar situated peers when I was not afforded a chance to shift bid leaving me, the only African American male, on the least desirable shift in the least desirable location causing me to lose money. In or around November 2023, I complained to Steven Kuo/General Manager about the harassment. No action was taken to investigate or to correct. In or around December 2023 I was yelled at by manager Robert LNU during my shift. On or around December 31st, 2023, I was yelled at again by Robert when he followed me around asking repetitive questions and I requested for him to stop harassing me. Robert still continues to harass me.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

Digitally Signed By: Mr. Isaac L. Jackson
01/20/2024

*Charging Party Signature*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Page 1 of 3

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC  FEPA | 487-2024-00787 |

Nevada Equal Rights Commission
*State or local Agency, if any*                                                              and EEOC

I believe I was discriminated against due to my Race, African American as well as sex, male and retaliated against for engaging in protective activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

---

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.  Digitally Signed By: Mr. Isaac L. Jackson  01/20/2024  *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT  SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE  (month, day, year) |

Page 2 of 3

# EXHIBIT 2

# EXHIBIT 2